IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| THE ESTATE OF JAIME E. RIVERO OTERO, REPRESENTED BY ITS EXECUTOR, YOLANDA RIVERO MARÍN; AND THE ESTATE OF AIDA MARTIÍNEZ DE RIVERO, REPRESENTED BY ITS EXECUTOR, ENRIQUE MARTÍNEZ, <br><br>**Plaintiffs**, <br><br>v. <br><br>HERBERT J. SIMS & CO., INC., <br><br>**Defendant.** | **CIVIL NO.** 23-1498 **(RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Herbert J. Sims & Co., Inc.'s ("Defendant" or "HJ Sims") *Motion to Dismiss to Compel Arbitration* ("*Motion to Dismiss*"). (Docket No. 5). Having considered the parties' submissions in support and in opposition of the motion, the Court **GRANTS** the Defendant's motion at Docket No. 5 and **ORDERS** Plaintiffs the Estate of Jaime E. Rivero-Otero, represented by its executor Yolanda Rivera-Marín, and the Estate of Aida Martínez De Rivero, represented by its executor Enrique Martínez, (collectively, "Plaintiffs") to arbitrate their claims against HJ Sims. Given that all of the parties' claims are subject

to arbitration, this action is **DISMISSED WITHOUT PREJUDICE**. Defendant's request for sanctions is **DENIED**.

## I.  BACKGROUND

This case arises from a dispute regarding alleged losses in the value of the Plaintiffs' two brokerage accounts at HJ Sims due to inadequate asset allocations. Plaintiffs initiated this action through a *Complaint* filed on September 7, 2023, before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part. (Docket No. 1-2). Specifically, Plaintiffs allege that HJ Sims' mismanagement of the brokerage accounts resulted in capital losses of $1,400,000 on their investments. Id. ¶ 11.

Defendant removed this action on October 4, 2023 on the basis of federal question and diversity jurisdiction. (Docket No. 1). On October 16, 2023, HJ Sims filed its *Motion to Dismiss*, requesting that the case be dismissed and the parties be compelled to arbitrate before the Financial Industry Regulatory Authority ("FINRA"). (Docket No. 5). In support of the motion, HJ Sims submitted its October 14, 2013 contract with Jaime E. Rivero-Otero and its January 12, 2016[1] contract with Yolanda Rivero (collectively, the "New Account Agreements"). (Docket Nos. 6-1 and

---

[1] The Court notes the date written in the contract is 12-01-2016, which may refer to either January 12, 2016 or December 1, 2016. (Docket No. 6-2 at 12). However, Defendant claims and Plaintiffs do not dispute that the contract date is January 12, 2016. (Docket No. 5 at 2).

6-2, respectively). Both of the New Account Agreements included an arbitration clause and agreement. (Docket Nos. 6-1 at 13 and 6-2 at 13-14). Defendant also moved for sanctions against Plaintiffs' counsel, Luis E. Miñana, pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1927, because it claims Mr. Miñana improperly filed a complaint based on arguments that had already been disposed of by this Court in a previous decision involving similar facts and the same attorneys, namely Ortega v. Herbert J. Sims & Co., Inc., 2023 WL 4183786 (D.P.R. 2023). (Docket No. 5 at 7).

Plaintiffs filed an *Opposition to Removal* on October 18, 2023. (Docket No. 7). In the *Opposition to Removal*, they argue that the removal to federal court was improper because there is no subject matter jurisdiction.

Defendant submitted a *Response* on October 26, 2023. (Docket No. 9). HJ Sims avers that federal question jurisdiction exists because Plaintiffs invoke federal law and regulations in the original *Complaint*. Further, it argues diversity jurisdiction exists because Plaintiffs are citizens of Puerto Rico and HJ Sims is a corporation organized under the state of Delaware that maintains its principal place of business in Fairfield, Connecticut.

On November 1, 2023, Plaintiffs filed a *Response to Motion to Dismiss to Compel Arbitration* ("*Opposition to Motion to Dismiss*").

(Docket No. 11). They renew their arguments about subject matter jurisdiction and also argue that the *Motion to Dismiss* should be denied because claims such as theirs that are submitted more than six years after the occurrence or event that gave rise to the claim are not eligible for FINRA arbitration. In the alternative, Plaintiffs request that the Court order arbitration before the American Arbitration Association ("AAA"), not FINRA. Counsel did not respond to Defendant's request for sanctions in either the *Opposition to Removal* or the *Opposition to Motion to Dismiss*.

HJ Sims submitted a *Reply* on November 3, 2023, arguing that whether Plaintiffs had eligible claims was a matter for the arbitrator, not the Court, and that the arbitration agreement made clear that any controversy was to be submitted to FINRA, not the AAA. (Docket No. 12-1).

## II. SUBJECT MATTER JURISDICTION

Pursuant to the federal removal statute, 28 U.S.C. § 1441(a):

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

For a district court to have original jurisdiction over a civil action, it must be determined that "the case could have been filed originally in federal court based on a federal question, diversity

of citizenship, or another statutory grant of jurisdiction." Villegas v. Magic Transp., Inc., 641 F. Supp. 2d 108, 110 (D.P.R. 2009) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987)).

If the propriety of a removal petition is questioned, "the removing party bears the burden of showing that removal is proper." Id. (citing Danca v. Priv. Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999)). The First Circuit has held that, due to this burden and the federalism concerns that arise when considering removal jurisdiction, "ambiguity as to the source of the law . . . ought to be resolved against removal." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004); *see also* Asociacion de Detallistas de Gasolina de P.R., Inc. v. Shell Chem. Yabucoa, Inc., 380 F. Supp. 2d 40, 43 (D.P.R. 2005) ("When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand").

Defendant alleges that the case is properly removed because there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. District courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For the purposes of this analysis, a corporation is deemed a citizen of every state in which it is incorporated and the state where it maintains its

principal place of business. Id. § 1332(c)(1); *see also* Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40 (1st Cir. 2016) (noting that the principal place of business is determined by the "nerve center test" established by Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010)). As a threshold matter, Defendant initially failed to adequately plead its own citizenship, only including in the *Notice of Removal* the state in which HJ Sims is incorporated. However, in subsequent filings, Defendant supplied competent evidence that HJ Sims' principal place of business is Fairfield, Connecticut. (Docket No. 9-1).

There is no dispute in this case about the amount of controversy, as Plaintiffs pled damages of more than $1,400,000 in their *Complaint*. *See* Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 5 (1st Cir. 1991) ("[I]t has long been the rule that a court decides the amount in controversy from the face of the complaint," unless it appears the amount is not claimed in good faith). The Court further notes that the financial details about the Plaintiffs' income contained in the New Account Agreements, which refer to net worth and investment values in millions of dollars, support the alleged jurisdictional amount. *See* (Docket Nos. 6-1 at 9 and 6-2 at 4, 7). Thus, "it is not a legal certainty that the claim involves less than the jurisdictional amount." Castillo-Quiñones v. Hosp. de la

Civil No. 23-1498 (RAM)                                                    7

Concepcion, Inc., 2021 WL 2451191, at *2 (D.P.R. 2021) (citing Abdel-Aleem v. OPK Biotech, LLC, 665 F.3d 38, 41 (1st Cir. 2012)).

Because the Plaintiffs and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000, there is subject matter jurisdiction. Having found that there is diversity jurisdiction, the Court does not need to address the question of whether there is also federal question jurisdiction. Accordingly, the Plaintiffs' *Opposition to Removal*, which the Court construes as a motion for remand, is **DENIED.**

### III. ARBITRATION

**A. Applicable Law**

  i. Compelling arbitration under Section 2 of the Federal Arbitration Act

Under First Circuit precedent, "[i]n deciding a motion to compel arbitration, a court must ascertain whether: '(i) there exists a written agreement to arbitrate, (ii) the dispute falls within the scope of that arbitration agreement, and (iii) the party seeking an arbitral forum has not waived its right to arbitration.'" Gove v. Career Sys. Dev. Corp., 689 F. 3d 1, 4 (1st Cir. 2012) (quoting Combined Energies v. CCI, Inc., 514 F.3d 168, 171 (1st Cir. 2008)). If these factors are met, the court must enforce the arbitration agreement in accordance with its precise

Civil No. 23-1498 (RAM)                                                   8

terms. *See* AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 343–344 (2011).

    Section 2 of the Federal Arbitration Act ("FAA") provides:

> **A written provision** in any maritime transaction or **a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction**, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction or refusal, **shall be valid, irrevocable and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract.**

9 U.S.C. § 2 (emphasis added). The United States Supreme Court has stated that this statute "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Therefore, section 2 of the FAA "create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Id. at 24–25.

    Given the liberal federal policy favoring arbitration agreements established by the FAA, "**as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration**, whether the problem at hand is

the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Id. (emphasis added). Indeed, it is well-settled that questions of arbitrability must be handled with a high regard for the federal policy in favor of arbitration, and any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration. *See* Colón de Sánchez v. Morgan Stanley Dean Witter, 376 F. Supp. 2d 132, 135 (D.P.R. 2005); Carro v. Parade of Toys, Inc., 950 F. Supp. 449, 451–52 (D.P.R. 1996); Cardona Tirado v. Shearson Lehman Am. Exp., Inc., 634 F. Supp. 158, 159 (D.P.R. 1986).

Under First Circuit precedent, "the existence of a valid arbitration agreement does not strip the court of jurisdiction." Álvarez-Maurás v. Banco Popular of P.R., 919 F.3d 617, 623 n.8 (1st Cir. 2019). However, "there is a split in authority as to how courts characterize dismissal on arbitrability grounds, with some courts treating the dismissal as jurisdictional and thus pursuant to Rule 12(b)(1); other courts treating the dismissal as 'failure to state a claim cognizable in federal court' and thus pursuant to Rule 12(b)(6); and still others treating the dismissal as 'entirely separate from the Rule 12(b) rubric.'" Cortes-Ramos v. Sony Corp. of Am., 836 F.3d 128, 130 (1st Cir. 2016) (quoting Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 732 (7th Cir. 2005)). When

there is no factual dispute as to the existence of a valid arbitration agreement, whether the motion to compel is brought pursuant to Rule 12(b)(1) or 12(b)(6) is a "distinction without a difference." Álvarez-Maurás, 919 F.3d at 623 n.8.

Moreover, under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the Court takes well pleaded facts as true and may consider certain exhibits without conversion to summary judgment. *See* Meléndez v. Starwood Hotels & Resorts Worldwide, 939 F. Supp. 2d 88, 90 (D.P.R. 2013) (compelling arbitration and dismissing claims under Fed. R. Civ. P. 12(b)(1)); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (stating that when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss, courts ordinarily consider documents incorporated into the complaint by reference). Accordingly, the Court may consider the New Account Agreements in ruling on this motion. *See* Ortega, 2023 WL 4183786, at *2 (so doing).

## ii. Stay or Dismissal of the Action under the FAA

Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties **stay the trial of the action until such arbitration has been had in accordance with the terms of the**

**agreement,** providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). In other words, once a party adequately demonstrates that the claims pending before the court are subject to arbitration pursuant to a valid, written arbitration agreement, the FAA directs the court to stay the proceedings pending the completion of the arbitration. Id.

However, in the First Circuit, courts may dismiss rather than stay the action when all the issues before the court are arbitrable. Dialysis Access Center, LLC v. RMS Lifeline, Inc., 638 F.3d 367, 372-73 (1st Cir. 2011) (citing Next Step Med. Co. v. Johnson & Johnson Int'l, 619 F.3d 67, 71 (1st Cir. 2010)).[2]

**B. Analysis**

    i. All three factors required to compel arbitration are present

First, a written agreement to arbitrate exists. Section 14 of the New Account Agreements provides in relevant part: "[a]ny controversy between you or Pershing and us shall be submitted to arbitration before and only before the Financial Industry Regulatory Authority." (Docket Nos. 6-1 at 13 and 6-2 at 14).

---

[2] The Court notes that, based on the plain language of § 3 of the FAA, the Second Circuit has rejected the practice of dismissal in lieu of a stay. See Katz v. Cellco P'ship, 794 F.3d 341 (2d Cir. 2015) (noting circuit split). The question of whether the FAA requires a stay pending arbitration or whether district courts may instead dismiss a case when all the claims are subject to arbitration is currently pending before the Supreme Court. Smith v. Spizzirri, No. 22-1218, 2024 WL 133822, at *1 (2024).

Plaintiffs do not contest that an arbitration clause exists, and the liberal federal policy favoring arbitration agreements is best served by holding parties to the bargain they struck when they executed the New Account Agreements containing the arbitration clause.

Second, the dispute falls within the scope of the agreement to arbitrate. The arbitration provision in Section 14 of the New Account Agreements applies to "**any controversy** between you or Pershing and us . . .." (Docket Nos. 6-1 at 13 and 6-2 at 14) (emphases added). Such language is "'paradigmatic' of a broad arbitration clause." Encore Benefit Mgmt., Inc. v. Phoenix Benefits Mgmt., LLC, 2019 WL 5957174, at *4 (D.P.R. 2019) (citing Spinelli v. Nat'l Football League, 96 F. Supp. 3d 91, 100 (S.D.N.Y. 2015)).

The First Circuit has interpreted broad language of this nature as covering "**contract-generated or contract-related disputes between the parties however labeled: it is immaterial whether claims are in contract or in tort** . . .." Acevedo Maldonado v. PPG Indus. Inc., 514 F.2d 614, 616 (1st Cir. 1975) (emphasis added). That is, the First Circuit rejects the exclusion of controversies arising out of or relating to the contract from the scope of arbitration. *See also* Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985) (agreement to

arbitrate "all disputes, controversies or differences which may arise between [parties] out of or in relation to [certain articles] of this Agreement or for the breach thereof" was sufficiently broad to encompass claims under the Sherman Act, Federal Automobile Dealers' Day in Court Act, Puerto Rico Dealers' Act and Puerto Rico antitrust and unfair competition statute); Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd., 1 F.3d 639, 642 (7th Cir. 1993) (noting that "arising out of" covers all disputes "having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se").

Plaintiffs' claims—which primarily center on breaches of fiduciary duties and frauds allegedly committed by HJ Sims regarding Plaintiffs' investments—arose out of, and are connected to, the New Account Agreements or purported breaches of the same. The *Complaint* makes plain that Plaintiffs' allegations are related to breaches of obligations under the New Account Agreements and thus also fall under the scope of the broad arbitration clause therein.

Third, Defendant has not waived the right to arbitrate. Plaintiffs do not contend that HJ Sims waived its right to arbitration. Nor is waiver borne out by the circumstances of the case, as HJ Sims raised the issue of arbitration close to the

inception of litigation. *See* Creative Sols. Group, Inc. v. Pentzer Corp., 252 F.3d 28, 32 (1st Cir. 2001) (finding defendant did not waive right to arbitration where it moved to compel arbitration two months after it was required to plead to the complaint and five months after plaintiffs filed the action). Nor do Plaintiffs claim to be prejudiced by any delay on the part of HJ Sims in moving to compel arbitration. A plaintiff must show prejudice to establish implied waiver of the right to arbitrate. *See* Restoration Pres. Masonry, Inc. v. Grove Europe, Ltd., 325 F.3d. 54, 61 (1st Cir. 2013).

As all three factors are met, the court must enforce the arbitration agreement in accordance with its terms. *See* AT&T Mobility LLC, 563 U.S. at 343-344.

### ii. Claim eligibility is an issue for the arbitrator, not the district court

Though Plaintiffs assert that their claims are ineligible for arbitration at FINRA, claim eligibility is not a matter for the district court to decide. Rather, "the applicability of the [arbitrator's] time limit rule is a matter presumptively for the arbitrator, not the judge." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85 (2002) (rejecting same argument in case involving arbitrator with similar time limit rule). *See also* Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 11 (1st Cir. 2005) (same).

Case 3:23-cv-01498-RAM   Document 14   Filed 02/29/24   Page 15 of 18

Civil No. 23-1498 (RAM)                                              15

> iii. <u>The arbitration forum is governed by the terms of the arbitration agreement</u>

Plaintiffs' proposal to substitute the AAA as the arbitrator is barred by the language of the New Account Agreements, which explicitly notes that claims "shall be submitted to arbitration **before and only before the Financial Industry Regulatory Authority**." (Docket Nos. 6-1 at 13 and 6-2 at 14) (emphasis added). Under the FAA, "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." <u>Henry Schein, Inc. v. Archer & White Sales, Inc.</u>, 139 S. Ct. 524, 529 (2019).

> iv. <u>Dismissal is appropriate</u>

Other judges in this District have repeatedly found that dismissal without prejudice is appropriate when all issues presented in the complaint are arbitrable. *See* <u>Ideal Ltd. Services Corp. v. Swift-Eckrich, Inc.</u>, 727 F. Supp. 75, 78 (D.P.R. 1989); <u>Sea-Land Servs., Inc. v. Sea-Land of P.R., Inc.</u>, 636 F. Supp. 750, 757 (D.P.R. 1986) ("Given our ruling that all issues raised in this action are arbitrable, retaining jurisdiction and staying the action will serve no purpose."). The First Circuit has approved of this practice. *See* <u>Bercovitch v. Baldwin Sch., Inc.</u>, 133 F.3d 141, 156 n.21 (1st Cir. 1998) (acknowledging that the district court has discretion to dismiss an entire action when all the federal

claims are arbitrable). This Court has previously also found dismissal is proper, in a case involving similar facts and the exact same arbitration agreement clause. Ortega, 2023 WL 4183786, at *4. Because Plaintiffs' claims are encompassed by the arbitration clause, dismissal, rather than a stay, is appropriate in this case.

## IV. SANCTIONS

As part of its *Motion to Dismiss*, Defendant also moved for sanctions against Plaintiffs' counsel, Mr. Miñana. Defendant argues that sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 are appropriate because Mr. Miñana has filed a substantially similar *Complaint* premised on the same arguments that have already been disposed of by this Court in Ortega, 2023 WL 4183786.

Given the facts alleged by the Defendant, it is conceivable that sanctions could be appropriate. However, Rule 11 requires that a:

> A motion for sanctions **must be made separately from any other motion** and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it **must not be filed or be presented to the court** if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected **within 21 days after service** or within another time the court sets.

Fed. R. Civ. P. 11(c)(2) (emphases added). As the First Circuit noted, a motion for sanctions cannot be made "as an additional

prayer for relief contained in another motion." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 244 (1st Cir. 2010) (internal quotation marks omitted) (quoting advisory committee's note to Rule 11). Furthermore, the First Circuit has indicated that the requirement to serve the Rule 11 motion on opposing counsel at least twenty-one days before filing it on the docket—the so-called "safe harbor" provision—is "mandatory." Id. at 244-45.

In this case, Defendant has not met the procedural requirements of Rule 11(c)(2). The motion for sanctions was part of the *Motion to Dismiss*, and not a separate motion of its own. Furthermore, the Defendant only provided a nine-day safe harbor window for withdrawal, as it sent the *Motion to Dismiss* to Plaintiffs' counsel on October 4, 2023, gave Mr. Miñana until October 13, 2023 to voluntarily withdraw the *Complaint*, and then filed the *Motion to Dismiss* on October 16, 2023. (Docket Nos. 5 and 5-1). Because the procedural requirements have not been met, sanctions under Rule 11 are improper. See Lamboy-Ortiz, 630 F.3d at 244-45 (finding sanctions inapplicable due to failure to comply with the procedures of Rule 11(c)(2), among other reasons).

As to Defendant's request for sanctions pursuant to Section 1927, the Court notes that Defendant only cited to the statute without explaining why Mr. Miñana's conduct unreasonably and

vexatiously multiplied the proceedings. Accordingly, the request for sanctions is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant Herbert J. Sims & Co., Inc.'s *Motion to Dismiss to Compel Arbitration* at Docket No. 5 and **ORDERS** Plaintiffs the Estate of Jaime E. Rivero-Otero, represented by its executor Yolanda Rivera-Marín, and the Estate of Aida Martínez De Rivero, represented by its executor Enrique Martínez, to arbitrate their claims against Herbert J. Sims & Co., Inc. The *Motion to Dismiss* is **DENIED IN PART** as to the request for sanctions against Plaintiffs' counsel, Luis E. Miñana. This action is **DISMISSED WITHOUT PREJUDICE** as all claims made herein must proceed to arbitration. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of February 2024.

                                        s/Raúl M. Arias-Marxuach
                                        UNITED STATES DISTRICT JUDGE